```
                  UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )     Chapter 7
ERIC CHARLES SCHULSTADT,        )
                                )     Bankruptcy No. 04-02128
     Debtor.                    )
_____        )
ERIC CHARLES SCHULSTADT,        )
                                )     Adversary No. 04-9082
     Plaintiff,                 )
                                )
vs.                             )
                                )
UNITED STATES DEPARTMENT        )
OF EDUCATION,                   )
                                )
     Defendant.                 )
```

**ORDER RE: COMPLAINT**

This matter came before the undersigned for trial on March 22, 2005. Debtor Eric Schulstadt appeared pro se. Assistant U.S. Attorney Larry Kudej appeared for the U.S. Department of Education (DOE). After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Debtor Eric Schulstadt seeks to discharge student loan debt for undue hardship under 11 U.S.C. § 523(a)(8). The DOE asserts the student loans are nondischargeable. It argues Debtor has not made a good faith attempt to repay the loans and reasonable repayment options will not impose an undue hardship on him or his dependents.

**FINDINGS OF FACT**

Debtor incurred three student loans while enrolled at Universal Technical Institute in Phoenix, Arizona in 1988 and 1989. The loans were in the amounts of $2,625, $2,625 and $3,400. As of the date Debtor filed his Chapter 7 petition,

the balance including interest on the $3,400 loan is $9,083.18. The total balance on the two $2,625 loans is $11,897.23. By the petition date, the DOE had received a total of $398.21 towards payment on these loans. The loans have not been consolidated. Debtor has over the years attempted to pursue remedies to cancel the student loan debt through the DOE. He has argued that the debt arose from false certification by Universal Tech. The DOE has rejected Debtor's claims.

Debtor is 46 years old. In 1988 when he applied to attend Universal Tech, he had completed 11th grade. He did not have a high school diploma or a G.E.D. He was admitted in the auto mechanic program and received financial aid through the school. Debtor testified that he felt he was not learning anything at Universal Tech and quit the program. He stated that Universal Tech told him it would help him get his G.E.D., but that did not end up happening. Debtor received his G.E.D. in 1998 on his own.

Debtor testified regarding his medical condition. He has had back problems in the past, but is not currently affected by them. Debtor also testified regarding digestive system problems and he is currently taking medication for that.

Prior to filing his Chapter 7 petition, Debtor was having his wages garnished for the student loans which are the subject of this action and for child support arrearages. At the petition date, Debtor's child support debt was $30,044.02. He has a 22-year old son and no longer has a current child support obligation. The debt constitutes arrearages for support due from past years. Debtor testified that he wishes to pay off the child support debt and that interest on the debt is quickly accruing.

Debtor and his wife, Donna Blum, were married in 2002. Ms. Blum owns the home where the couple lives. They have a prenuptial agreement which keeps their individual property separate, rather than marital property.

Donna Blum was diagnosed with cancer in July 2003. At that time she had major surgery and radiation treatments. More recently, additional cancerous tumors were found requiring surgery again in February 2005. She is now undergoing chemotherapy. In Debtor's Exhibit 20, Ms. Blum's doctor states in a recent letter: "Her condition and prognosis

are guarded as this type of cancer is uncommon and usually aggressive." Ms. Blum testified that she depends on Debtor significantly for support, including financial support, as her medical condition makes it impossible for her to support herself.

Ms. Blum has been employed part-time. However, her historic income was between one and three thousand dollars each year. She is now unable to work. She receives monthly disability payments of $602. Debtor works as an assembler at John Deere Engine Works. His base wage is $15.45/hour. He also gets an additional $0.45 shift differential for working third shift.

Debtor's gross wages were $35,502 in 2003 and $42,414 in 2004. Debtor testified that these amounts include payments for overtime work, profit sharing and shift differential, which may not be available this year or in the future. For example, in Debtor's Exhibit 21, Debtor notes that many payments he received from John Deere in 2004 are amounts he would not normally get within a calendar year. These total approximately $7,200 before taxes.

The DOE's Exhibit U is Debtor's statement of expenses for March 2005. Debtor shows his take-home wages of $470 per week. Together with Ms. Blum's disability payment, their net monthly income is $2,482. Their expenses for March, through March 17, were $2,460. This list of expenses comports with itemizations of expenses Debtor previously provided in discovery responses and on Schedule J of his bankruptcy petition.

## CONCLUSIONS OF LAW

Debtor seeks a determination that excepting his student loan obligations from his discharge would impose an "undue hardship" on him within the meaning of 11 U.S.C. § 523(a)(8). Student loan debts are not discharged in bankruptcy "unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). Debtor must prove the existence of undue hardship by a preponderance of the evidence. <u>In re Cheney</u>, 280 B.R. 648, 659 (N.D. Iowa 2002).

**UNDUE HARDSHIP**

1.   "Undue hardship" is not defined by the Bankruptcy Code.  To determine whether undue hardship exists, the Eighth Circuit has established a "totality of the circumstances" test.  In re Long, 322 F.3d 549, 553 (8th Cir. 2003) (rejecting the Brunner test as too restrictive and adopting the Andrews test); In re Andrews, 661 F.2d 702 (8th Cir. 1981).  The 8th Circuit held in Long that:

> [i]n evaluating the totality-of-the-circumstances, our bankruptcy . . . courts should consider: (1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and her dependent's reasonable necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case.  Simply put, if the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt--while still allowing for a minimal standard of living--then the debt should not be discharged. Certainly, this determination will require a special consideration of the debtor's present employment and financial situation--including assets, expenses, and earnings--along with the prospect of future changes--positive or adverse--in the debtor's financial position.

Long, 322 F.3d at 554 (citations omitted).  The Court is required to apply § 523(a)(8) and the "Andrews test" to each of the debtor's student loans separately.  In re Andresen, 232 B.R. 127, 137 (B.A.P. 8th Cir. 1999) (affirming decision that the discharge operated on two of the debtor's three individual student loans by reason of the undue hardship provision of § 523(a)(8)).

2.   It is appropriate to consider a debtor's disease or disability as a factor in the determination of undue hardship because [it] may effect an individual's ability to work."  In re Ford, 269 B.R. 673, 675 (B.A.P. 8th Cir. 2001).  Long-term physical infirmities may prevent the debtor from securing or sustaining gainful employment.  In re Meling, 263 B.R. 275, 279 (Bankr. N.D. Iowa 2001), aff'd, 2002 WL 32107248 (N.D. Iowa 2002).

4

    3. Debtor's total living expenses should not exceed what is reasonable and necessary. In re Long, 292 B.R. 635, 638 (B.A.P. 8th Cir. 2003) (on remand from 8th Circuit). To be reasonable and necessary, expenses must be modest and commensurate with the debtor's resources. Meling, 2002 WL 32107248, at 5. Provided that total expenses remain minimal, the debtor is not expected or required to implement every conceivable cost-saving measure. Id. at 5.

    4. In addition, the Court examines other relevant factors and circumstances of each individual bankruptcy case. These may include: (1) the debtor's good faith effort to repay the loan, or a debtor's bad faith in non-repayment, (2) whether the debtor has made a good faith effort to obtain employment, maximize income, and minimize expenses, and (3) whether the debtor is suffering truly severe, even uniquely difficult financial circumstances, not merely severe financial difficulty. Faktor v. United States, 306 B.R. 256, 264 (Bankr. N.D. Iowa 2004); In re Wilson, 270 B.R. 290, 294 (Bankr. N.D. Iowa 2001). A good faith inquiry may include whether the debtors caused their own financial condition. Faktor, 306 B.R. at 264.

## ANALYSIS

    Based on the foregoing, the Court concludes that Debtor is earning a wage commensurate with his education and abilities. The living expenses of Debtor and his wife are generally reasonable. Debtor's substantial child support arrearage debt has a significant impact on the couple's disposable income.

    Ms. Blum's physical limitations prevent her from present employment. This is not likely to change in the near future. At this time, medical expenses have only a minimal impact on the couple's finances based on excellent insurance coverage provided through Debtor's employment.

    Debtor has made no voluntary payments on the student loans. He has consistently maintained that Universal Tech acted improperly in certifying his eligibility for financial aid and in failing to provide proper education for him. The DOE has rejected Debtor's appeals to have the debts cancelled based on those complaints. This Court cannot act as an appellate court to review the decision of the DOE.

Debtor presents a generally sympathetic picture. He has two debts, the child support arrearage and student loans, which are ordinarily non-dischargeable. Additionally, his spouse is undeniably ill, having been diagnosed with cancer. However, the decision of dischargeability cannot be made on the basis of sympathy. The decision must be made based upon operative facts applied to an extremely high standard. The facts here establish that Debtor has a secure job earning in the neighborhood of thirty-five to forty-five thousand dollars each year. While his spouse is now unemployed because of illness, her disability income compares favorably to her prior earnings. Though his wife has incurred substantial medical bills because of her illness, these have largely been covered by Debtor's health insurance without loss of family income. Additionally, it must be remembered that these student loans were incurred in the late 1980's and Debtor has made no voluntary payments toward reimbursement, though there were obviously times when some payment could have been made.

In summary, though the facts are of a type of which anyone would be sympathetic, Debtor has not met the legal standard which requires Debtor to show not merely severe financial difficulty but rather uniquely difficult financial circumstances. For these reasons, the Court concludes that, through cooperation with the DOE on a payment plan, repayment of this debt is possible. Therefore, the complaint to discharge these student loans must be denied.

**WHEREFORE**, Debtor's Complaint to discharge student loan debt under 11 U.S.C. § 523(a)(8) is DENIED.

**FURTHER**, judgment shall enter accordingly.

Dated and Entered  April 6, 2005

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

6